**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| HARRY VASQUEZ, JR.,<br>*Plaintiff*,<br><br>v.<br><br>CORRECTION OFFICER SHANKS and<br>CORRRECTION OFFICER READON<br>et al.,<br>*Defendants*. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | <br><br><br>3:26-CV-899 (SVN)<br><br><br><br>August 24, 2026 |

**INITIAL REVIEW ORDER**

Self-represented Plaintiff Harry Vasquez, Jr., a sentenced inmate[1] at Corrigan Correctional Center ("Corrigan"), filed this civil rights action under 42 U.S.C. § 1983 against two Department of Correction ("DOC") officers who work at Cheshire Correctional Institution ("Cheshire C.I."): Correction Officer Shanks and Correction Officer Readon. Compl., ECF No. 1. Plaintiff asserts violation of his rights under the Eighth Amendment to the United States Constitution.[2] *Id.* at 4. Plaintiff does not specify what capacity he sues each defendant, but he only seeks damages as relief.[3] *Id.* at 10.

The Prison Litigation Reform Act requires that federal courts review complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental

[1] Information on the Department of Correction ("DOC") website shows that Plaintiff was sentenced on November 25, 2025 to a term of imprisonment that has not yet expired. *See* https://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=438900. The Court may take judicial notice of this information. *See, e.g., Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006); *Kelley v. Quiros*, No. 3:22-cv-1425 (KAD), 2023 WL 1818545, at *2 n.1 (D. Conn. Feb. 8, 2023) (taking judicial notice of state prison website inmate locator information).

[2] Plaintiff also claims Defendants violated his federal rights under the Privacy Act of 1974, 5 U.S.C. § 552a(g)(1). Plaintiff cannot assert a cognizable federal claim against Defendants for a violation of the Privacy Act, as the Privacy Act created a private right of civil action against federal agencies only. *See Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 124 (2d Cir. 2008). Accordingly, such claim is dismissed as not plausible.

[3] Thus, the Court construes Plaintiff assert claims against Defendants in their individual capacities. Any claims for damages against Defendants (both state employees) in their official capacities are barred by the Eleventh Amendment. *See, e.g., Kentucky v. Graham*, 473 U.S. 159, 169 (1985).

entity. 28 U.S.C. § 1915A(a). Upon review, the Court must dismiss the complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). The Court has thoroughly reviewed all factual allegations in the complaint and conducted an initial review pursuant to 28 U.S.C. § 1915A.[4] Based on this initial review, the Court orders as follows.

## I. FACTUAL BACKGROUND

The Court does not include herein all of the allegations from the complaint but summarizes only those facts necessary to provide context for initial review.

On April 29, 2026, Cheshire C.I. Correction Officers Shanks and Readon brought Plaintiff a "ticket" or disciplinary report to his cell door; when delivering the ticket, they called Plaintiff names, including snitch, thief, pussy, and bitch, among others. ECF No. 1 at 4. Plaintiff contends these actions violated the prison's Employee Standards of Conduct Directive 2.17. *Id.* Plaintiff told the officers that he did not want any inmates to think of him as a snitch because they might harm him or make his prison time more difficult. *Id.* at 5. In response, the officers told Plaintiff they would look up his charges, and they later exited the officer bubble screaming out his charges

[4] It is well-established that "*[p]ro se* complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants). Notwithstanding this liberal interpretation, however, a *pro se* complaint will not survive dismissal unless the factual allegations meet the plausibility standard. *See Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). A complaint that includes only "'labels and conclusions,'" "'a formulaic recitation of the elements of a cause of action'" or "'naked assertion[s]' devoid of 'further factual enhancement,'" does not meet the facial plausibility standard. *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)).

to all of the inmates on Plaintiff's tier. *Id.* The officers then printed out and posted Plaintiff's charges on his door. *Id.* Plaintiff no longer trusts or feels safe around any of the correctional officers. *Id.* He is afraid to ask any correctional officer a question. *Id.*

## II. DISCUSSION

Section 1983 "provides a private right of action against any person who, acting under color of state law, causes another person to be subjected to the deprivation of rights under the Constitution or federal law." *Blyden v. Mancusi*, 186 F.3d 252, 264 (2d Cir. 1999). Plaintiff's complaint raises Eighth Amendment concerns about deliberate indifference to his Plaintiff's safety.[5]

### A. Eighth Amendment Deliberate Indifference to Health and Safety

The Eighth Amendment, which forbids cruel and unusual punishment, has been interpreted to prohibit conditions in state prisons that subject incarcerated individuals to the "wanton and unnecessary infliction of pain." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). To constitute an Eighth Amendment violation, a condition must be "sufficiently serious" such that it results in a deprivation of "the minimal civilized measure of life's necessities." *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013) (quoting *Gaston v. Coughlin*, 249 F.3d 156, 164 (2d Cir. 2001)). Even where a condition meets that high bar, a plaintiff seeking to hold prison officials liable under the Eighth Amendment must also show that in subjecting inmates to the particular condition, "the defendant official acted with 'a sufficiently culpable state of mind ..., such as deliberate indifference to inmate health or safety.'" *Id.* (quoting *Gaston*, 249 F.3d at 164). Those two

[5] The Court also construes the complaint as alleging claims for intentional or negligent emotional distress under state law.

requirements—a sufficiently serious condition and a culpable state of mind—are often referred to as the "objective" and "subjective" elements required for stating a plausible Eighth Amendment claim. *See, e.g., Brock v. Wright*, 315 F.3d 158, 162-64 (2d Cir. 2003).

A plaintiff seeking monetary damages from a defendant must allege facts that establish the personal involvement of that defendant in the alleged constitutional violation. *See Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) ("personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983."). This is true with respect to supervisory officials, as well. *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020) (a plaintiff must "plead and prove the elements of the underlying constitutional violation directly against the official without relying on a special test for supervisory liability").

For purposes of initial review, the Court construes from Plaintiff's allegations that Officers Shanks and Readon were the prison guards who subjected him to name-calling and disseminated information about his criminal charges. Accordingly, the Court considers whether Plaintiff's allegations support an Eighth Amendment claim against Shanks or Readon.

"Prison officials are constitutionally required to 'take reasonable measures to guarantee the safety of the inmates,' in particular, 'to protect prisoners from violence at the hands of other prisoners.'" *Rembert v. Cheverko*, No. 12-CV-9196, 2014 WL 3384629, at *5 (S.D.N.Y. July 10, 2014) (quoting *Farmer v. Brennan*, 511 U.S. 825, 833 (1994)). However, courts generally dismiss Eighth Amendment claims based on prison officials' comments absent some other exacerbating circumstance. *See, e.g, Cuoco v. Moritsugu,* 222 F.3d 99, 109 (2d Cir. 2000) (noting that a particular example of "rudeness and name-calling does not rise to the level of a constitutional violation"); *but see, e.g., Willey v. Kirkpatrick*, 801 F.3d 51, 70 (2d Cir. 2015) (instructing the

district court to consider on remand whether the plaintiff's "psychological pain and resulting suicide attempt" caused by harassment was actionable despite leaving no physical injury). Courts within the Second Circuit have recognized that verbal harassment or name calling that labels an inmate as a rat, snitch, homosexual, or child molester in front of other inmates can put an inmate's safety at risk. *See Burns v. Martuscello*, 890 F.3d 77, 91 (2d Cir. 2018) (observing that "a number of courts have found an Eighth Amendment violation where a guard publicly labels an inmate as a snitch, because of the likelihood that the inmate will suffer great violence at the hands of fellow prisoners"); *Lawrence v. Agramonte*, No. 3:19-CV-1498 (VAB), 2020 WL 2307642, at *5 (D. Conn. May 8, 2020) (permitting verbal harassment claim to proceed where plaintiff alleged facts showing that correctional officers identified him as rapist, child molester and snitch despite their understanding of his risk of harm).

Although thin, Plaintiff's allegations support a plausible Eighth Amendment claim on grounds that Defendants exposed him to serious risk of imminent harm by calling him a snitch, thief, and bitch, among other names, for other inmates to hear. Plaintiff's complaint provides no information about his criminal charges, but he alleges that he must constantly watch his back around other inmates as a result of Defendants' disclosure of his charges and their accusations that he is a snitch. *See* ECF No. 1 at 5, 8. Although it is not clear whether communication of information concerning Plaintiff's criminal charges to other inmates exposed him to a substantial risk of serious harm, the Court construes Plaintiff's allegations most favorably to him at this initial stage. Thus, the Court concludes that the complaint sufficiently suggests that the officers' conduct exposed Plaintiff to a serious risk of harm. The Court permits Plaintiff to proceed on an Eighth Amendment claim for further development against Officer Shanks and Readon for exposing him

to serious harm by disseminating information to other inmates about his criminal charges. This order is without prejudice to Defendants moving to dismiss the complaint, if appropriate.

B. Violation of Administrative Directive 2.17

Plaintiff complains that Defendants violated prison Administrative Directive 2.17, Employee Conduct. It is well established that a prison official's failure to comply with prison regulations or directives is not actionable under Section 1983. *See Fine v. UConn Med.*, No. 3:18-CV-530 (JAM), 2019 WL 236726, at *9 (D. Conn. Jan. 16, 2019) (noting that a "defendants' failure to comply with prison regulations or administrative directives" does not constitute a basis for relief under Section 1983 because "a prison official's violation of a prison regulation or policy does not establish that the official has violated the Constitution or is liable to a prisoner under 42 U.S.C. § 1983") (citing *Harris v. Taylor*, 441 F. App'x 774, 775 (2d Cir. 2011)). Accordingly, any Section 1983 claim based on administrative directive violation must be dismissed as not plausible.

## ORDERS

**Based on the foregoing, the Court issues the following orders:**

Plaintiff may proceed on his individual capacity claims against Officers Shanks and Readon for monetary damages based on:

(1) Eighth Amendment violations arising from verbal name-calling and dissemination of Plaintiff's criminal charges that exposed Plaintiff to serious risk of harm; and

(2) intentional and negligent infliction of emotional distress under state law.

All other claims are DISMISSED.

Accordingly, this case may proceed to service against Defendants Shanks and Reardon in their individual capacities. The Clerk shall contact the Department of Correction Office of Legal Affairs to ascertain current service address for these Defendants, mail a waiver of service of process request packet containing the complaint and this Initial Review Order to the addresses provided by September 8, 2026, and report to the Court on the status of the waiver request on the thirty-fifth day after mailing. If any Defendant fails to return the waiver request, the Clerk shall arrange for in-person service by the U.S. Marshals Service on that Defendant in their individual capacity and that Defendant shall be required to pay the cost of such service.

**Changes of Address.** If Plaintiff changes his address at any time during the litigation of this case, Local Rule 83.1(c) provides that he **MUST** notify the Court. Failure to do so can result in the dismissal of the case. Plaintiff must give notice of a new address even if he is incarcerated. Plaintiff should write "PLEASE NOTE MY NEW ADDRESS" on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If Plaintiff has more than one pending case, he should indicate all the case numbers in the notification of change of address. Plaintiff should also notify Defendants or counsel for Defendants of his new address, once they appear.

**SO ORDERED** at Hartford, Connecticut, this 24 day of August, 2026.

*/s/ Sarala V. Nagala*
SARALA V. NAGALA
UNITED STATES DISTRICT JUDGE